UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT OSUNA,<br><br>        Plaintiff,<br><br>   vs.<br><br>M. WADLE, et al.,<br><br>        Defendants. | 1:18-cv-00717-LJO-GSA-PC<br><br>ORDER RESPONDING TO PLAINTIFF'S MOTION<br>(ECF No. 27.)<br><br>ORDER FOR CLERK TO SEND DOCKET SHEET TO PLAINTIFF |

      Gilbert Osuna ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this case on August 30, 2017, at the United States District Court for the Central District of California. (ECF No. 1.) On May 22, 2018, the case was transferred to this court. (ECF No. 19.)

      On June 25, 2018, Plaintiff filed a motion titled "motion for transcript." (ECF No. 27.) In the motion, Plaintiff notifies the court of his concern that another inmate may someday fraudulently file a letter in Plaintiff's case requesting that the case be dismissed. Plaintiff cautions the court to refrain from dismissing his case if such a letter is received.

      Plaintiff can rest assured that he will receive notice, at his address of record, of rulings made in this case and deadlines established in this case, provided he keeps the court informed of

1

his current address.[1]  All orders filed in this action shall be served upon all parties who have appeared in this action, including Plaintiff.  If Plaintiff has evidence that his case has been improperly dismissed or that a non-party has filed a document in his case, Plaintiff should notify the court immediately.

To the extent that Plaintiff's request for a transcript is a request for a copy of the docket sheet for this case, the request shall be granted as a one-time courtesy.  However, Plaintiff is not entitled to free copies from the court, even if he is proceeding *in forma pauperis*.  In the future, if Plaintiff wants copies from his case file, he should submit a request to the Clerk with payment by money order of $.50 per page, together with a large enough envelope pre-addressed to himself, with sufficient postage affixed.  This court makes up to 20 copies at a time.

Plaintiff's case is awaiting the court's screening process under 28 U.S.C 1915A.  The court ordinarily screens complaints in the order in which they are filed at the court and strives to avoid delays whenever possible.  However, there are hundreds of prisoner civil rights cases presently pending before the court, and delays are inevitable despite the court's best efforts.  Plaintiff's Complaint will be screened in due time.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion, filed on June 25, 2018, is RESOLVED; and
2. The Clerk is directed to send a docket sheet for this case to Plaintiff.

IT IS SO ORDERED.

Dated: **June 27, 2018**            **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff is required to keep the court informed of his current mailing address.  Local Rule 182(f) provides: "Each appearing attorney and *pro se* party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party.  Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective.  Separate notice shall be filed and served on all parties in each action in which an appearance has been made."