UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT OSUNA,<br><br>        Plaintiff,<br><br>    vs.<br><br>M. WADLE, et al.,<br><br>        Defendants. | 1:18-cv-00717-LJO-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME (ECF No. 29.)**<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST REMEDIES**<br><br>**THIRTY-DAY DEADLINE TO RESPOND TO ORDER TO SHOW CAUSE** |

## I.     BACKGROUND

Gilbert Osuna ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this case on August 30, 2017, at the United States District Court for the Central District of California. (ECF No. 1.) On May 22, 2018, the case was transferred to this court. (ECF No. 19.)

On November 30, 2018, Plaintiff filed a motion for extension of time to exhaust his administrative remedies for this case. (ECF No. 29.) Plaintiff requests ninety days in which to complete the exhaustion process.

1

## II. ANALYSIS

Once within the discretion of the district court, exhaustion in cases covered by the Prison Litigation Reform Act of 1995 ("PLRA") is now mandatory. Porter v. Nussle, 534 U.S. 516, 524, 122 S. Ct. 983, 988, 152 L. Ed. 2d 12 (2002) (citing see Booth v. Churner, 532 U.S. 731, 739, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001)). Pursuant to the PLRA, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust available administrative remedies *prior to filing suit*. Jones v. Bock, 549 U.S. 199, 211 (2007) (emphasis added); McKinney v. Carey, 311 F.3d 1198, 1199–1201 (9th Cir. 2002) ("[T]he PLRA's exhaustion requirement does not allow a prisoner to file a complaint addressing non-exhausted claims, even if the prisoner exhausts his administrative remedies while his case is pending.") Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth, 532 U.S. at 741, and the exhaustion requirement applies to all suits relating to prison life, Porter, 435 U.S. at 532.

From the face of Plaintiff's Complain, it appears clear that Plaintiff filed suit prematurely, and in such instances this case may be dismissed. Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) (where failure to exhaust is clear from face of complaint, case is subject to dismissal for failure to state a claim under Rule 12(b)(6)); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal. . . .") (overruled on other grounds by Albino, 747 F.3d at 1168-69). Therefore, Plaintiff's motion for extension of time shall be denied, and Plaintiff shall be required to show cause why this case should not be dismissed, without prejudice, for failure to exhaust remedies prior to filing suit.

## III. ORDER TO SHOW CAUSE

In light of the foregoing analysis,

1. Plaintiff's motion for extension of time, filed on November 30, 2018 is DENIED;
2. Plaintiff is **HEREBY ORDERED** to respond in writing to this order, within thirty (30) days of the date of service of this order, showing cause why this case should

not be dismissed for Plaintiff's failure to exhaust administrative remedies before filing suit; and

3. Failure to respond to this order may result in the dismissal of this case, without prejudice.

IT IS SO ORDERED.

Dated: __**December 6, 2018**__          __**/s/ Gary S. Austin**__
                                         UNITED STATES MAGISTRATE JUDGE