UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT OSUNA,<br><br>        Plaintiff,<br><br>    vs.<br><br>M. WADLE, et al.,<br><br>        Defendants. | 1:18-cv-00717-LJO-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST REMEDIES**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS** |

**I.    BACKGROUND**

Gilbert Osuna ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this case on August 30, 2017, at the United States District Court for the Central District of California. (ECF No. 1.) On May 22, 2018, the case was transferred to this court. (ECF No. 19.)

On December 7, 2018, the court issued an order requiring Plaintiff to show cause why this case should not be dismissed for Plaintiff's failure to exhaust remedies. (ECF No. 30.) On December 20, 2018, Plaintiff filed a notice of non-opposition to the court's order. (ECF No. 31.)

**II.    ANALYSIS AND FINDINGS**

Once within the discretion of the district court, exhaustion in cases covered by the Prison Litigation Reform Act of 1995 ("PLRA") is now mandatory. Porter v. Nussle, 534 U.S. 516,

524, 122 S. Ct. 983, 988, 152 L. Ed. 2d 12 (2002) (citing see Booth v. Churner, 532 U.S. 731, 739, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001)). Pursuant to the PLRA, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust available administrative remedies *prior to filing suit*. Jones v. Bock, 549 U.S. 199, 211 (2007) (emphasis added); McKinney v. Carey, 311 F.3d 1198, 1199–1201 (9th Cir. 2002) ("[T]he PLRA's exhaustion requirement does not allow a prisoner to file a complaint addressing non-exhausted claims, even if the prisoner exhausts his administrative remedies while his case is pending.") Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth, 532 U.S. at 741, and the exhaustion requirement applies to all suits relating to prison life, Porter, 435 U.S. at 532.

Where it appears clear from the face of the complaint that Plaintiff filed suit prematurely, or where Plaintiff concedes to nonexhaustion, the case may be dismissed. Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) (where failure to exhaust is clear from face of complaint, case is subject to dismissal for failure to state a claim under Rule 12(b)(6); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal. . . .") (overruled on other grounds by Albino, 747 F.3d at 1168-69).

Plaintiff concedes that he did not exhaust his remedies before filing this case. On November 30, 2018, Plaintiff filed a motion for extension of time to exhaust his administrative remedies for this case and requested ninety days in which to complete the exhaustion process. (ECF No. 29.) In addition, Plaintiff filed a notice of non-opposition to the court's order to show cause why this case should not be dismissed for failure to exhaust. (ECF No. 31.) By his motion for extension of time and his notice of non-opposition to the court's order to show cause, Plaintiff clearly concedes his failure to exhaust remedies.

Based on this analysis this case should be dismissed, without prejudice, for failure to exhaust remedies prior to filing suit.

///

## III. RECOMMENDATIONS AND CONCLUSION

Based on the foregoing, the court **HEREBY RECOMMENDS** that:

1. This case be DISMISSED without prejudice, based on Plaintiff's failure to exhaust administrative remedies before filing suit; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **January 12, 2019**         **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE